UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

J & J SPORTS PRODUCTIONS, INC.,                        Plaintiff,

v.                        Civil Action No. 3:13-cv-305-DJH

YILLIAM E. PEREIRA, individually and
doing business as CAFETERIA EL
REGRESO,                        Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff J & J Sports Production Inc.'s status report (Docket No. 19) and affidavits (D.N. 19, 20), which amount to a verified claim for damages. The Court entered a default against Defendant Yiliam E. Pereira for the unauthorized use of communications in violation of 47 U.S.C. §§ 605, *et seq*., and ordered J & J Sports to submit a verified claim for damages. (D.N. 1, 16) J & J Sports has submitted their claim, which asks for statutory damages—including additional damages for willful violations under § 605(e)(3)(c)(ii)—attorney fees, and court costs. The Court finds that an award of $1,400 for statutory damages, $1,207.50 for attorney fees, and $401.60 for court costs is proper.

The action arose from an unauthorized telecast of the March 12, 2011 championship boxing match between Miguel Cotto and Ricardo Mayorga. (D.N. 20-1, PageID # 69) Pereira broadcast the fight in his restaurant, Cafeteria El Regreso, without paying for the right to do so. (*Id*., PageID # 70) That night, a J & J Sports investigator observed the boxing match on three televisions in Cafeteria El Regreso. (D.N. 20-2, PageID # 79) He determined that the location could hold approximately 60 people; he made three separate head counts and counted ten, ten, and nine patrons respectively. (*Id*., PageID # 80) There was no cover charge to get in. (*Id*.,

1

PageID # 79) To legally broadcast this fight, Cafeteria El Regreso should have purchased a commercial sublicense fee for sixty occupants for $1,200. (D.N. 20-1, PageID # 78)

Based on these facts, J & J Sports asks the Court to award statutory damages between $1,200 and $3,000, plus enhanced damages at the maximum statutory allowance, as well as attorneys' fees and costs. (D.N. 20-1, PageID # 72; D.N. 20, PageID # 66) But awarding the statutory maximum would be excessive. In a similar case from this district, J & J Sports received $1,000, the statutory minimum, under nearly identical circumstances. *J & J Sports Productions, Inc. v. El Rey Mexican Restaurant, LLC*, No. 3:10CV-730-S, 2014 WL 5500501, at *1 (W.D. Ky. Oct. 30, 2014).

In *El Rey*, the defendant illegally televised a fight for six individuals. *Id*. There was no cover charge, advertising, or promotional activity. The Court found that the plaintiff's evidence of willfulness was weak and did not support a finding that the underlying violation was undertaken for commercial advantage or private financial gain, a necessity under § 605(e)(3)(C)(ii). *Id*.

Similarly, in *Joe Hand Promotions, Inc. v. Tip Off, Inc.*, No. 3:08CV-600-S, 2013 WL 441989, at *1 (W.D. Ky. Feb. 5, 2013), another case in this district, the Court awarded slightly more than the statutory minimum and found no showing of willfulness. The Court analyzed § 553 instead of § 605, and based its determination on "the (1) absence of a cover charge, (2) patronage of 35 to 40 people, (3) the broadcast on one of two televisions on the premises, and (4) a lack of information concerning commercial gain by the violator." *Id*.

There is no material distinction between those cases and this one. Like the offending establishments in *El Rey* and *Tip Off*, Cafeteria El Regreso did not charge for entry, and did not advertise or promote the broadcast. (*See* D.N. 20-1, PageID # 72-73) There were few patrons.

(*Id.*)  And like the defendants in *El Rey* and *Tipp Off*, Cafeteria El Regreso did not broadcast the fight for commercial advantage or private financial gain.  Thus, Pereira was not a *willful* violator under § 605(e)(3)(C)(ii).  But Pereira did violate § 605, resulting in a $1,200 loss for J & J Sports.  (D.N. 37, 38)  The Court considers an award of $1,400 to be reasonable and consistent with the purposes of the statute.

J & J Sports also asks for attorney fees and costs, which it is entitled to under § 605(e)(3)(B)(iii).  The Court finds that J & J Sports' requested attorney fees figure ($1,207.50) (D.N. 21-1, PageID # 85) directly corresponds with the requisite Lodestar figure, which is determined first by "multiply[ing] the number of hours reasonably expended on the litigation by a reasonable hourly rate," and, second, adjusting "the award upward or downward to achieve a reasonable result."  *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 (1983)).  The number of hours expended, 6.9, is reasonable, and the hourly rate, $175, is commensurate to an hourly rate found reasonable by other judges in this district.  *See El Rey*, 2014 WL 5500501; *Tip Off*, 2013 WL 441989.  No adjustment is necessary.

In sum, the Court finds that a statutory award of $1,400 is just, and that attorney fees of $1,207.50 and costs of $401.60 are reasonable.  A separate order and judgment will be entered this date in accordance with this opinion.

January 13, 2016

                                                      **David J. Hale, Judge**
                                                  **United States District Court**